The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except for minor modifications for clarity.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The Maryland Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was sufficient to generate the maximum compensation rate as of 1993.
5. Plaintiff is alleging an injury by accident on March 29, 1993, resulting in an injury to the back.
6. The Defendant-Employer has denied liability.
7. The parties have stipulated to a pretrial agreement, certain medical records, and the medical depositions.
8. The issues before the Commission are whether Plaintiff suffered an injury by accident or specific traumatic incident, whether Plaintiff had a pre-existing injury or disease, and whether Plaintiff's counsel is entitled to attorney fees pursuant to G.S. § 97-88.1.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner, with minor modifications as follows:
FINDINGS OF FACT
1. The Plaintiff was employed as a vice-president of production at Defendant-Employer. On March 29, 1993, the Plaintiff assisted in loading rolls of fabric from a loading dock onto a truck. While lifting a roll, his foot slipped, he lost control of the fabric roll and felt a "pop" in his lower back.
2. On March 30, 1993, Plaintiff experienced back pain and saw Dr. Grady E. Price. The medical note from Dr. Price does not describe any incident or accident as alleged by Plaintiff at the hearing. There is no mention of a slip, a fall, a pop in the lower back or immediate pain. Further, the Plaintiff visited his family physician, Dr. David A. Rinehart, on the same day, March 30, 1993. There is no mention in Dr. Rinehart's records of any accident or injury, or even of any lower back complaints.
3. Plaintiff had a history of back problems, including surgery on his back by Dr. Glenn King of Gastonia in 1967 at which time he had a laminectomy, removal of a disc and a spinal fusion. He had intermittent ongoing back complaints since that time.
4. The Plaintiff understood the workers' compensation system and in fact was responsible for filling out workers' compensation forms when other employees were injured. Despite these facts, the Plaintiff did not fill out any workers' compensation forms until he filled out the Form 18 on April 5, 1993, one day after he was terminated. This was the first time Defendant-Employer had any notice or knowledge that the Plaintiff was claiming a workers' compensation injury.
5. Since Plaintiff's back fusion in 1967, he had suffered chronic problems with his lower back and extremities, including occasional flare-ups which required medical attention. The Plaintiff was treated by Dr. David N. DuPuy, an orthopedist, in November 1992, only four months prior to March 29, 1993, for a severe flare-up of his back pain and lower extremity pain. The flare-up treated by Dr. DuPuy prior to March 29, 1993, is an example of the type of flare-up that the Plaintiff could expect to experience, and in fact did experience, over the years following his back fusion in 1967. After the flare-up in November of 1992, Dr. DuPuy administered a series of facet blocks which significantly improved the Plaintiff's symptoms.
6. Likewise, on April 7, 1993, Dr. Price treated the Plaintiff's most recent flare-up with a facet block. Again, the facet block significantly relieved the Plaintiff's symptoms. A CT scan showed that Plaintiff had arthritis and a failed attempted fusion of the lower lumbar segments. The Plaintiff suffered another flare-up of his lower back and lower extremity symptomsafter he took a thirteen hour trip to El Salvador. Dr. Price last treated Plaintiff on August 27, 1993.
7. Following the treatment by Dr. Price, the Plaintiff did not receive any medical care for approximately nine months. Dr. Alfred Rhyne, an orthopedist, first saw the Plaintiff on May 14, 1994, because of another flare-up. The Plaintiff admitted to Dr. Rhyne that the numbness he experienced in his left thigh was an old symptom resulting from his prior surgery.
8. There is insufficient medical evidence of record from which to prove by the greater weight that Plaintiff's ongoing flare-ups are causally related to the March 29, 1993 incident.
9. The medical treatment Plaintiff received, including facet blocks, after April 13, 1993, was unrelated to the March 29, 1993 incident.
10. The Plaintiff had a pre-existing permanent partial disability rating of 10% to his lower back as of February 29, 1988. The Plaintiff has no additional permanent disability related to the incident of March 29, 1993.
11. There is insufficient evidence of record from which to prove by the greater weight that any decrease in Plaintiff's wage earning capacity was caused by the incident on March 29, 1993. The Plaintiff continued to experience the same flare-ups of lower back and lower extremity symptoms that he experienced prior to March 29, 1993.
12. The Plaintiff's back claim arose under questionable circumstances. The Plaintiff had an admittedly chronic and severe pre-existing back condition, of which the employees and owners of Defendant-Employer were aware, and for which he had sought invasive medical treatment and diagnostic work-ups only a couple of months prior to the alleged accident. Additionally, his supervisor Pierre Zinie suspected that the Plaintiff was aware that Defendant-Employer was actively seeking a replacement for the Plaintiff. According to Pierre Zinie, the Plaintiff never claimed that his back condition was work related until after he was terminated from Defendant-Employer. Therefore, the Defendants had reasonable grounds to defend this claim.
13. On March 29, 1993, Plaintiff suffered a specific traumatic incident when he temporarily aggravated his pre-existing back condition. Thereafter, Plaintiff's back resolved to its original condition and further flare-ups of Plaintiff's back condition after April 13, 1993 were not related to the incident of March 29, 1993.
14. On April 13, 1993, Plaintiff was back at his pre-injury condition and he began working full time for Tri-Tex, Inc. The Plaintiff continued to work full-time for Tri-Tex throughout the period prior to the hearing before the Deputy Commissioner.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On March 29, 1993, Plaintiff sustained an injury by accident arising out of and in the course of his employment with Defendant-Employer in that he sustained a specific traumatic incident of the work assigned. G.S. § 97-2(6).
2. Plaintiff was temporarily totally disabled from March 30, 1993, through April 13, 1993, as a result of the compensable injury by accident, and is entitled to temporary total disability benefits for that period, less the seven day waiting period required by law. G.S. § 97-29.
3. Plaintiff is entitled to payment of medical treatment incurred as a result of the compensable injury. Since the flare-ups after April 13, 1993, are not related to the incident on March 29, 1993, but a continuation of Plaintiff's pre-existing condition, Defendants are not liable for medical treatment after April 13, 1993. G.S. § 97-25.
4. Plaintiff's average weekly wage as set forth on the Form 22 wage chart is sufficient to generate the maximum compensation rate as of 1993 which was $442.00 per week.
5. Defendants had reasonable grounds to defend this claim. G.S. § 97-88.1.
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay temporary total disability benefits to Plaintiff at the rate of $442.00 per week for eight days. This compensation has accrued and shall be paid to Plaintiff in a lump sum subject to the attorney's fee hereinafter awarded.
2. Defendants shall pay all medical expenses incurred by Plaintiff with Dr. Grady E. Price for the treatment rendered between March 29, 1993, through April 13, 1993.
3. An attorney's fee in the amount of 25% of the award is hereby approved for Plaintiff's counsel. Said amount shall be deducted from the aforesaid award and shall be paid directly to Plaintiff's counsel.
4. Defendants shall pay the costs due the Commission.
This the ___ day of October, 1997.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ____________________ PHILLIP HOLMES DEPUTY COMMISSIONER
LKM/bjp